On April 27, 1979 the court entered the following order:
*646 Before Friedman, Chief Judge, Davis and Kashiwa, Judges.
This case is before the court on plaintiffs motion, filed after the trial judge issued a recommended decision, to reopen the record or for a new trial.
The motion stems from unusual facts. Plaintiffs suit challenges his demotion and reduction in grade in the Federal Civil Service. The Civil Service Commission upheld the demotion. After a trial in this court in September 1976, the trial judge on January 12, 1978 filed a recommended decision sustaining the demotion. Both parties filed notices of intention to except to that decision.
In the proceedings before the Commission and this court, a lawyer named Edwin J. McDermott represented the plaintiff. In February 1978, however, plaintiffs present counsel supplanted Mr. McDermott. On plaintiffs motion further proceedings in this court were suspended until December 1, 1978, when plaintiff filed the present motion. The basis of the motion is that, unknown to the plaintiff, Mr. McDermott during the time he represented the plaintiff suffered from a mental illness known as Alzheimer’s Disease (an organic brain difficulty which clinically resembles senile deterioration) and that this disease prevented Mr. McDermott from effectively presenting plaintiffs case. More specifically, plaintiff alleges that because of his illness, Mr. McDermott (1) did not understand plaintiffs case or the facts surrounding the demotion, (2) failed to call important witnesses who would have supported plaintiffs contentions, and (3) did not bring out through proper examination or cross-examination significant facts.
The defendant vigorously opposes the motion on various grounds including the broad argument that incapacity of counsel can never justify a new trial or reopening of a record in a civil case.
We think that the trial judge who heard this case is in the best position initially to pass upon the motion. He knows how Mr. McDermott handled the case and can most effectively evaluate the extent to which Mr. McDermott’s mental illness affected his representation of plaintiff. Moreover, the trial judge is particularly well qualified to determine whether the additional evidence plaintiff now *647 proposes to submit would be likely to change the outcome of the case. Finally, the trial judge is best able to determine what additional information and proceedings, if any, may be necessary before the plaintiffs motion can be decided. This disposition of the motion also accords with the principle that the decision whether to reopen a case or grant a new trial lies largely within the discretion of the trial judge.
The case is remanded to the Trial Division for further proceedings.